UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Mark N. Glyptis, Esq.
14 Sandalwood
Trenton, NJ 08619
(609) 433-7211
Attorney for Debtor

| | |
|---|---|
| In Re:<br><br>TAMEKA WRIGHT,<br><br>Debtor | Case No.: **22-13264 (MBK)**<br><br>Hearing Date: **October 11, 2023 at 9:00 a.m.**<br><br>Judge: **Michael B. Kaplan**<br><br>Chapter: **13** |

## NOTICE OF MOTION TO WITHDRAW AS COUNSEL

**TO: DEBTOR AND ALL PARTIES ON THE ATTACHED MATRIX**

**UPON NOTICE TO:**
 **Albert Russo, Chapter 13 Trustee**
 **Via CM/ECF**

**PLEASE TAKE NOTICE** that on October 11, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard, Debtor, by her undersigned attorney, Mark N. Glyptis, shall move before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Courtroom #8, 402 East State Street, Trenton, New Jersey 08608, for an entry of an order granting Debtor's Motion to Withdraw as Counsel (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that, in support of the Motion, the undersigned shall rely upon the Certification in Support and proposed form of Order, to be submitted.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to District of New Jersey Local Bankruptcy Rule 9013-1(f), in the event that an objection or other responsive pleading is filed to the

Motion, oral argument is requested on the return date hereof.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with FRBP 7056 and D.N.J. LBR 9013(a) and (d), opposition to the relief requested, and/or cross-motion, if any, shall be filed with the Clerk of the Bankruptcy Court and served upon all parties in interest on or before October 4, 2023 or the Motion shall be deemed uncontested.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to D.N.J. LBR 9013-1(k), in the event the Motion is contested, there is a duty to convene to determine whether a consent order may be entered disposing of the Motion or to stipulate to the resolution of as many issues as possible.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with D.N.J. LBR 9013-1(i), unless the Court authorizes otherwise prior to the hearing date hereof, no testimony shall be taken at the hearing except by certificate or affidavit.

MARK N. GLYPTIS

DATED:  September 8, 2023

Mark N. Glyptis, Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Mark N. Glyptis, Esq.
14 Sandalwood Ave
Trenton, NJ 08619
(609) 433-7211

Attorney for Debtor

| | |
|---|---|
| Case No.: | 22-13264 (MBK) |
| Chapter: | 13 |

In Re:

Tameka Wright

           Debtor

| | |
|---|---|
| Adv. No.: | |
| Hearing Date: | Oct 11, 2023 9:00 am |
| Judge: | Michael B. Kaplan |

## CERTIFICATION OF SERVICE

1.  I, _____ Mark N Glyptis _____ :

    ☒ represent _____ Tameka Wright _____ in this matter.

    ☐ am the secretary/paralegal for _____, who represents

    _____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On _____ September 11, 2023 _____, I sent a copy of the following pleadings and/or documents
to the parties listed in the chart below.

    - Certification of Mark N. Glyptis, Esq.    - Certification of Service
    - Notice of Motion to Withdraw as Counsel    - Statement as to Why no Brief is necessary
    - Exhibits    - Proposed Order

3.  I certify under penalty of perjury that the above documents were sent using the mode of service
indicated.

Date: _____ September 8, 2023 _____

                                 _____
                                 Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Tameka Wright<br>1049 Melrose Ave.<br>Trenton, NJ 08629<br><br>E-mail: tamekawright60@yahoo.com | | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other  E-mail<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| U.S. Trustee<br>US Dept. of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| STEWART LEGAL GROUP, P.L.<br>Gavin N. Stewart, Esq.<br>Of Counsel to Bonial & Associates, P.C.<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>E-mail: gavin@stewartlegalgroup.com | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>Aleisha C. Jennings, Esquire<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Email: ajennings@raslg.com | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☒ Other  CM/ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Mark N. Glyptis, Esq.
14 Sandalwood
Trenton, NJ 08619
(609) 433-7211
Attorney for Debtor

| | |
|---|---|
| In Re: | Case No.:    22-13264 (MBK) |
| TAMEKA WRIGHT, | Hearing Date: Oct 11, 2023 at 9:00 a.m. |
| Debtor | Judge:    Michael B. Kaplan |
| | Chapter:    13 |

## CERTIFICATION OF MARK N. GLYPTIS, ESQ.

I, Mark N. Glyptis, Esq., Attorney for Debtor, in the above captioned case, submit this Certification in support of the Motion to Withdraw as Counsel filed by me on September 11, 2023.

Pursuant to D.N.J. LBR 9010-2(b), Counsel for the above-named Debtor requests this Court enter an Order allowing his withdrawal as Counsel for the Debtor on the grounds set forth below:

1.      On April 22, 2022, the above-named Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

2.      On August 8, 2019, Debtor had filed a Chapter 13 case that was subsequently dismissed on August 11, 2020 for non-payment.  Debtor had ceased plan payments in

January of 2020.

3.      When the Debtor met with counsel to prepare the filing of the instant case, she

indicated she was on the cusp of receiving a mortgage modification but she was

prepared to cure the mortgage arrears on her home if the loan medication was not

granted.  Debtor's home was subject to an imminent foreclosure and the lender, Wells

Fargo, (hereinafter "lender") had indicated the arrears on the mortgage were $94,529.63.

On July 14, 2022 Counsel emailed the Debtor a copy of all of the claims filed in her case

and again made her aware of the actual arrearage amount.  He explained the plan

payment would likely increase because of the claims.

4.      The present case provided automatic stay relief that the Debtor needed.  Counsel

made clear to the Debtor that upon filing she needed to resume her regular monthly

mortgage payments to the creditor and to also make timely plan payments to the Chapter

13 trustee in order to preserve her stay protections.

5.      Debtor struggled to meet these burdens and the case moved forward with some

difficulty because of payment delinquencies.  On September 16, 2022 the mortgage

lender filed a motion for relief because of the delinquent payments.  Counsel worked to

resolve the matter and the plan was confirmed on October 18, 2022.  The resolution that

counsel negotiated with the lender required the Debtor to cure the post-petition arrearage

by October 31, 2022.  Debtor was successful.  On October 14, 2022 Counsel emailed

Debtor to remind her of the payments due under the confirmed plan and the importance

of making her post-petition mortgage payments.  See Exhibit A.  He indicated her

payment would increase to $2,237.00 in December 2022.  Counsel explained very

clearly that failure to make the payments could jeopardize her home.  The plan was confirmed on October 18, 2022.

6.      Debtor did not follow the instructions given by counsel or the terms of the plan that was mailed to her.  Instead she only paid approximately $1,615.00 per month to the trustee and stopped making plan payments in May, 2023.  By the end of June 2023, the total of the payments due to the trustee was approximately $21,281.00 and the Debtor had paid $14,650.00.  See Exhibit B.

7.      Further, the Debtor was not paying her full mortgage payment to the lender as instructed.  As a result, on April 11, 2023 the lender was granted relief from the automatic stay.  The relief was granted without motion pursuant to the terms of a prior order on the topic issued in November, 2022.

8.      On May 2, 2023 Counsel emailed Debtor asking if she wanted him to reengage with the trustee and the lender to negotiate terms that would reinstate the stay.  In subsequent conversations she indicated she would have the funds to meet whatever demands of the lender and trustee to return stay protection.  Counsel then worked feverishly with both the trustee and the lender to reinstate the stay and cure the plan payment deficiency.  On May 15, 2023, after counseling with the Debtor, counsel filed a motion to reinstate the stay.  The Debtor was grateful and remained hopeful.

9.      During the next 2 months, Counsel worked with the lender and the trustee to obtain terms that would not only prevent a trustee motion to dismiss, but reinstate the automatic stay.  The pending order allowed the debtor to pay the deficient plan payments over time by augmenting the remaining payments in the plan.  Further, the lender was

satisfied with the Debtor's commitment to not only resume regular monthly payments, but to make those payments to the trustee along with the plan payment as a conduit payment. Counsel explained the new plan payment would include her regular monthly mortgage payment and during the plan she would not make that payment directly to the lender.

10.    The confirmed plan required Debtor to pay approximately $2,237 beginning December 2023 and the Debtor's regular mortgage payment was approximately $1,230. The total of these payment is approximately $3,500.00. Debtor learned again of these obligations in October, 2022 when she received a mailed copy of the plan and Counsel emailed her on October 14, 2022. The negotiated order that was to become effective July 1, 2023 adjusted the payment to $3,650. Counsel gave Debtor the order on June 28, 2023 and on July 2, 2023. The order explained the additional fees that were due the lender and how those amounts were added to what was due.

11.    The trustee drafted an order reflecting the negotiated terms of the order and the order was executed on July 11, 2023. The lender was ordered to abide by the reinstated automatic stay and to deem the post-petition arrears as current. The trustee was ordered to wait for the plan payment delinquency to be paid over the remainder of the plan. The Debtor was ordered to pay $3,650 each month to the trustee beginning July 1, 2023 and if she was delinquent beyond the 15th of the month, the creditor could be granted relief from the stay.

12.    Again, while it may seem redundant to state repetitively, the new plan payment is substantively the same as the prior payment coupled with the mortgage payment and this

was explained to the Debtor throughout May and June, 2023.

13.    Throughout the negotiation process Counsel reminded the Debtor of the commitment she had made to make timely payments and the jeopardy her home would face if she failed.  She acknowledged this advice.  Counsel also reminded her throughout June 2023 the payment would be much larger but it was essentially the same as her prior plan payment plus her mortgage payment.  He explained the new payment *includes* her ongoing mortgage payment.

14.    On June 28, 2023 and then again on July 2, 2023 Counsel sent the proposed order to the Debtor.  See Exhibit C.  He explicitly told her to read paragraphs 6 and 11 of the order to understand the consequence of late payments.  In those paragraphs, the Court stated her payment would be deemed late if it was not received within 15 days of the July 1, 2023 due date and this would allow the lender to file a notice of non-compliance and immediately obtain relief from the stay.

15.    Counsel communicated with the Debtor with great detail and made certain the Debtor was aware of her obligations.  Summarily, Counsel invited her input on his negotiations with the lender and trustee, obtained an order reinstating the stay and abating the plan payments, constantly worked with the trustee, lender and the Court, invited the Debtor to register with ndc.org, gave the Debtor the creditor claims, and kept the Debtor informed throughout the case.

16.    However, Debtor ignored the correspondence from Counsel.  She made no payment to the Trustee in June or July 2023.  On July 10 and 13, 2023 she sent emails stating the following:

a. "You are clearly trying to make me lose my home";

b. "God will not let that happen, I am covered in the Blood of Jesus!";

c. "I am going to file a motion.";

d. "The current arrears on my home is $74,000.00"

e. "To date, I don't have an order that reinstated my house."

f. "Do you think I'm stupid?"

g. "I will address the courts since you are not trying to help me."

h. "It is required by law that the trustee is suppose[sic] to supply me with ledgers"

i. "Do you realize if I pay $3,650.00 at 47 months that's $167,900?"

j. "You and the trustee lifted my automatic stay when I was paying, why would you do that?"

k. "I never received certified and regular mail about the change in October!"

17.    Counsel responded and reminded her the mortgage payment plus the required plan payment, plus the fees granted by the order to the lender, plus the trustee commission amount to approximately $167,900 and the payment is correct. Counsel reminded her of ndc.org and encouraged her to create an account. Contrary to her claims, she knew the arrears were nearly $94,000.00 and counsel had emailed her the lender's claim in July 2022.

18.    On July 28, 2023, creditor Global Lending Services LLC filed a motion for relief because Debtor had ceased making payments to the creditor on the loan secured by her 2020 Mitsubishi. Counsel communicated with the Debtor about the motion and filed an objection on August 2, 2023. Counsel since negotiated with counsel for the creditor

which led to the creditor preparing a consent order to allow Debtor to cure the

deficiencies.  Debtor and counsel communicate about the terms of the consent order.

Counsel allowed the creditor to represent the terms of the order in the hearing in their

motion on August 23, 2023.  Despite this communication, Debtor appeared at the

hearing and requested additional time of this court to pursue terms that are not the same

as those she and counsel had discussed.

19.      Subsequently she has sent multiple emails accusing counsel of collusion with

creditors to act against her interests.  She further alleged a motivation by counsel that is

driven by racism to do her financial harm and see that she fails financially.

See Exhibit D.

20.      To date, Debtor has been making the payments due to the trustee to protect her

home.  Further, she has demonstrated a clear intent to manage her case without counsel

regarding her vehicle.  Debtor refuses to follow counsel, acts unilaterally and has made

irrational accusations of impropriety, racism and collusion.

21.      Counsel is unable to exercise his duty as an advocate for the Debtor.

DATED this 8th day of September, 2023

Mark N. Glyptis, Esq.

EXHIBIT   "A"

Confirmation notice

From: MARK GLYPTIS (mglyptislaw@aol.com)

To: tamekawright60@yahoo.com

Date: Friday, October 14, 2022 at 02:49 PM EDT

Dear Tamika,

As per our last conversation from last week, we had our Confirmation Hearing. We were successful in getting your plan
confirmed and so the Confirmation Hearing was successful.

Under the Confirmed Plan, we have a slight adjustment to the payment terms. The Plan terms are as follows:

1. Payment of $1450.00 for the months of October and November of 2022.

2. Payment of $2237.00 starting December of 2022 and going on for 52 weeks till the end of your plan.

Of course, you must remember to keep up with your regular Mortgage payments while you are in your plan and making
your plan payments. Failure to do so will result in problems for you and the retention of your home.

I hope you have success on your quest to get a Loan Modification . Time is of the essence. Your home is
at this moment protected via the approved Bankruptcy. However, that could fall apart due to non-payment
of the financial obligations placed on you by the Bankruptcy. Thus, your speed in getting your Loan
Modification is of primary importance for you. Once you have your Loan Modification in place, your life
will become simpler and more financially manageable.

Again, I wish you all the best with your endeavor of getting the Loan Modification. If you have any
further questions, please feel free to reach out.

Sincerely,

Mark N. Glyptis, Esq.

Law Office of Mark N Glyptis
Office: 609-433-7211
Cell: 609-933-1191

EXHIBIT   "B"

# OFFICE OF THE STANDING CHAPTER 13 TRUSTEE

Erik D. Collazo, Esq.
David A. Martin, Esq.
Mary A. Krieger, Esq.
*Counsel*

**ALBERT RUSSO**
Standing Chapter 13 Trustee
CN 4853
Trenton, New Jersey 08650
*Voice* 609-587-6888 • *Fax* 609-587-9676
**www.RussoTrustee.com**

*For Payments Only:*
PO Box 933
Memphis, TN 38101-0933

6/15/2023

Mark N. Glyptis, Esq.
Law Office of Mark N. Glyptis
14 Sandalwood Ave
Trenton, NJ 08619

Re:     Tameka Wright

        Chapter 13 Case No. 22-13264 / MBK

This letter is to advise you that your client(s) have fallen behind in making Trustee payments to this office and that the case is in jeopardy of being dismissed.

The last payment(s) posted to this case was on 05/08/2023 for a total of $1,615.00.

Since the beginning of the case, filed on 04/22/2022, the debtor(s) are $6,340.00 in arrears.

We have recently sent the debtor(s) a letter informing them that they must bring their case current in order to avoid dismissal. We advised that they must contact you to discuss how they plan on curing their arrears. If we do not receive a payment and an acceptable resolution to cure arrearages within thirty (30) days of the date of this letter we may file a Motion to Dismiss the case.

                    Very truly yours,

                    *Albert Russo*
                    Standing Chapter 13 Trustee
                    by:  Chapter 13 Delinquency Dept. / KB

---

**MAKE YOUR PAYMENTS ONLINE USING ePAY!**

*ePay provides the ability to make your required monthly Trustee payment directly from your bank account, rather than certified funds. This is an instant payment system, via SunTrust Bank, that provides a verifiable, secure, and convenient online payment option. ePay is the only form of electronic payment __endorsed by the Trustee.__*

*Go to __www.russotrustee.com/epay__ for more information or to register!*

EXHIBIT   "C"

Re: New notification of Arrears from the Trustee

From: MARK GLYPTIS (mglyptislaw@aol.com)

To: tamekawright60@yahoo.com

Date: Wednesday, June 28, 2023 at 05:23 PM EDT

Dear Tameka,

Your money was sent to the firm that represents your lenders. All of it is recorded and you are given credit for it.

Attached to this email, please see the Order of the Court that we received today. In the Order, you will see that all has been resolved and your home is not in danger of being sold. The only real change is that you have to make your payments to the Trustee and they will pay your regular monthly mortgage payment for you.

Your home is not up for sale. Your Automatic Stay HAS BEEN REINSTATED as I told you it would be.

Sincerely,

Mark N Glyptis, Esq.

On Wednesday, June 28, 2023 at 04:24:28 PM EDT, Tameka Wright <tamekawright60@yahoo.com> wrote:

Phh mortgage says my house is up for sale. I need an order that says my stay is back on. I paid them 5933.00$

You told me everything was back on. My house was safe.

Sent from Yahoo Mail for iPhone

On Wednesday, June 28, 2023, 1:44 PM, Tameka Wright <tamekawright60@yahoo.com> wrote:

I just checked my house is for sale as of 8/16/2023

Sent from Yahoo Mail for iPhone

On Wednesday, June 28, 2023, 1:15 PM, Tameka Wright <tamekawright60@yahoo.com> wrote:

You got me so upset. You guys see messing with a didabled person. That's against the law.

Sent from Yahoo Mail for iPhone

On Tuesday, June 20, 2023, 12:06 PM, Tameka Wright <tamekawright60@yahoo.com> wrote:

Re: New notification of Arrears from the Trustee

From: MARK GLYPTIS (mglyptislaw@aol.com)

To: tamekawright60@yahoo.com

Cc: email@casedriver.com; heath@casedriver.com

Date: Sunday, July 2, 2023 at 04:24 PM EDT


Greetings,

We are awaiting the signed order from the court. The court did send us notice that the Order is to be signed
and we will provide that to you. In response to your email questions about your payments and other issues,
we can say the following in response to your inquiry about where your payments went. EVERYTHING you have paid will be credited
to your payments. There is no need to worry about your payments being lost or not applied and your home is
not up for sale at this time. At this moment, all is good!

Attached to this email, please find the Order to Resolving Motion to Reinstate Stay and Establishing Procedures
For Conduit Mortgage Payments by the Chapter 13 Trustee. Please see Page 6, Paragraph 11 of the Order. In it,
it specifies what will happen if you default. Please read Paragraph 11 very carefully to see what is expected of you
and what will happen in a Default. Simply put, your house is currently safe at this moment thanks to our actions and
work on your behalf. If you Default, ( which just means you did not make your payments in a timely manner), all the work we did to save your house
will be lost and you home will be subject to being taken back by the bank and you will once again face foreclosure and sale of your home.

In conclusion, obviously, if you chose to not make your payments of $3,650.00 monthly, which include ALL monies that need to be
paid by you for the debt on your home, you will once again be in danger of losing your home. We could try to fix this case again, however,
the odds of getting another Reinstatement of your Automatic Stay as to your mortgage lender are rather slim.

Again, please examine all of the Order to Resolving Motion to Reinstate Stay that is attached. Look at it closely and see what it
says. It is the roadmap to your keeping your home from here on out. We hope that you chose to make your Conduit payments and
can retain your home. As per the Order, your first payment is due by the 15th of July. Please make every effort to keep your payments timely, we do
not want you to lose your home. All future payments of $3,650.00, starting July 1st, must go directly to the Trustee's office.

Sincerely,

Mark N. Glyptis, Esq.

Law Office of Mark N. Glyptis
Office:  609 433-7211
Cell:    609 933-1191

On Thursday, June 29, 2023 at 02:21:54 PM EDT, Tameka Wright <tamekawright60@yahoo.com> wrote:

I paid June mortgage payment already !!!

Sent from Yahoo Mail for iPhone

 22-13264 Wright.pdf
21.3kB

EXHIBIT   "D"

## Re: Information on how to pay the auto loan.

From:  Tameka Wright (tamekawright60@yahoo.com)

To:  mglyptislaw@aol.com

Date:  Friday, August 25, 2023 at 09:09 PM EDT

That's why we have bankruptcy to help people who fall on hard times. I cannot believe you are a bankruptcy lawyer and judge people who are having a hard time then you get with the adversaries to destroy your black client. You will be exposed. How dare you? You wanted to create a consent order that would be in the favor of global lending. I'm believe you called up global lending to get this motion to lift the stay. I'm going to prove it too. That is UNETHICAL ! If you didn't want to represent me why didn't you say it. I'm going to report your unethical behavior.

Sent from Yahoo Mail for iPhone

> On Friday, August 25, 2023, 6:12 PM, Tameka Wright <tamekawright60@yahoo.com> wrote:
>
> Even with all your evil. I still have my house and car !!!!!
>
> Sent from Yahoo Mail for iPhone
>
> > On Friday, August 25, 2023, 6:11 PM, Tameka Wright <tamekawright60@yahoo.com> wrote:
> >
> > How dare you incriminate me for needing to go bankrupt? Things happen in people life are you are not to judge me. You are a bankruptcy lawyer and you are judging people who hit hard times.
> > I know you called GLOBAL LENDING about doing the automatic stay.
> > . I'm going to prove it.
> >
> > EVERY UNETHICAL THING YOU DID IN THIS BANKRUPTCY .. you did on purpose. Judgement is for GOD not you.
> >
> > There is people with 200-400 thousand dollars in arrears. Maybe more. 94,000 isn't even the correct arrears. You never asked me did I accept that figure.
> >
> > I'm sick of how you handled my bankruptcy and your racism. I'm done. You will be exposed
> >
> > Sent from Yahoo Mail for iPhone
> >
> > > On Thursday, August 17, 2023, 10:32 AM, MARK GLYPTIS <mglyptislaw@aol.com> wrote:
> > >
> > > Tameka,
> > >
> > > I am really confused as to your fear about things.  This is how the system works.  Your car
> > > will not be taken by anyone.  Just like your house, you showed the magic paperwork and they backed off.
> > > The Consent Order is what protects you.  Once signed by both the Lender and me, it becomes

the tool that protects your car from anybody wanting to take it.  The Automatic Stay as to
your car is BACK IN FORCE.  THIS PROTECTS YOU AND YOUR CAR.  NOBODY CAN
REPOSES IT at this moment.  As for the court, by now, I suppose that date has been
cancelled by the other Attorney.

You have to understand the system.  Your car is not in ANY DANGER.  In addition,
all creditors are not the same.  Global Lending seems to be on their game.  What I have seen and
their actions tell me they should leave you alone if you do your end and pay the money due them.

Also, before you complain about how you do not trust these lenders, you have to remember
one thing.  Your past payment history is not the best either.,  Look at the car situation for
example, your pattern of paying and then skipping multiple months of payment is not something
to be proud of.  The same with the house.  You amassed $94,000.00 arrears for the house alone.
Is it any wonder they would come after you and try to take it.

I know you are at your breaking point with many issues.  Compounded with the fact you, like all of us
are getting older and you have serious health issues.  However, you must realize that Lenders, to leave
you alone, require steady, monthly payments ( at the correct amounts) and if they do not get that,
they come for the property.

At this point, leave  WELL ENOUGH ALONE.  Lets remember, when the AUTOMATIC STAY is in place,
NOTHING WILL GET TAKEN BACK .  That is how things works. Please pay the funds as you promised.  There
are safeguards in place and nothing will happen.  You will have the paperwork for the car also so if
anything does happen, all you have to do is show the paperwork and the matter will be resolved.  However, that
is unlikely to happen again.  It would be a shame for this to all blow up and they start coming after you
again.  PAY THE FUNDS SO THIS IS RESOLVED!!!!!!!!!  Keep good receipts and with the paperwork you
should be fine.

Mark N.Glyptis, Esq.

On Thursday, August 17, 2023 at 03:11:28 AM EDT, Tameka Wright <tamekawright60@yahoo.com> wrote:

I have a RIGHT to be heard by the courts. I will go to my hearing on the 23rd of August ! I do not trust a soul at this point.  My mortgage payment to the adversary took six weeks to post. I want the judge to see the exchange.

Sent from Yahoo Mail for iPhone

On Thursday, August 17, 2023, 3:03 AM, Tameka Wright <tamekawright60@yahoo.com> wrote:

I'm paying my money to the Courts on the 23rd. I think this is all a setup to take my car. I can send the payment and they say they never received it. They have every right to take it. It would kill me to have my car taken. This is serious !!!!!!

Sent from Yahoo Mail for iPhone

On Thursday, August 17, 2023, 2:57 AM, Tameka Wright <tamekawright60@yahoo.com> wrote:

Mr Glyptis I do not want to consent to anything. I want to make my payment to the courts  on the 23rd. Global lending can say they never received my money and take my car. At this point , I don't trust anybody. I want to pay on the 23rd ! They can say they never got my money. I'm going to court on the 23rd !

Sent from Yahoo Mail for iPhone

On Wednesday, August 16, 2023, 8:33 AM, Tameka Wright <tamekawright60@yahoo.com> wrote:

The creditors were getting their money and yet MY HOUSE went up for sale. That's unacceptable ! You know how much stress and hurt that caused me ! Put yourself in my position for one minute. I'm making my payments and my house went up for SALE and I'm in an active bankruptcy. That was unethical.

Sent from Yahoo Mail for iPhone

On Wednesday, August 16, 2023, 7:52 AM, Tameka Wright <tamekawright60@yahoo.com> wrote:

It wasn't all good. They literally had my house for sale today. If I didn't take them a copy of the court order. That's unacceptable. Aleisha should've did her job once the 7/11/2923 court order was signed. I shouldn't had to do any of this. My house shouldn't have been up for sale anyway because of her lies. I was complying and my stay was lifted. I'm not happy at all.
If I didn't go down there to check on the sale my house would've been sold.
What red tape to get it back ?!  No I'm not happy with Aleisha. She want me to lose my home

Sent from Yahoo Mail for iPhone

On Wednesday, August 16, 2023, 7:36 AM, MARK GLYPTIS
<mglyptislaw@aol.com> wrote:

I told you it was all good.  Maybe now you will believe me.  Hope you can relax now.   At this moment, both the house and car are safe.  Everything is good as long as these creditors get their money.

Mark N Glyptis, Esq.


Sent from the all new AOL app for iOS

On Tuesday, August 15, 2023, 11:30 AM, Tameka Wright
<tamekawright60@yahoo.com> wrote:

I took the court order to the sheriffs dept. they confirmed with bankruptcy court. It's taken care of.  Thank you


Sent from Yahoo Mail for iPhone

On Tuesday, August 15, 2023, 11:28 AM, MARK GLYPTIS
<mglyptislaw@aol.com> wrote:

Tameka,

Actually, it is for my signature.   You have the 30 days grace to make that August payment
starting from the 15th of August.  The other attorney said that they would do nothing
at all at least for the 30 days.  Think of it, how could they move against you for payment
in less than 30 days.  It takes time for the process to happen and it is unreasonable for
them to go after a debtor in such a brief period of time.

I will go ahead and sign it.  Don't worry about the house.  This is the second time I  am
contacting Aleisha regarding this house sale issue.  The last time she simply said that
the Automatic Stay is back which it is.  You must understand, with the Automatic Stay
being on, ANY SALE IS NOT VALID.  Thus, you are worrying for nothing.

Mark N. Glyptis, Esq.

On Tuesday, August 15, 2023 at 11:13:06 AM EDT, Tameka Wright
<tamekawright60@yahoo.com> wrote:

Sent from Yahoo Mail for iPhone

On Tuesday, August 15, 2023, 11:07 AM, Tameka Wright
<tamekawright60@yahoo.com> wrote:

It is ok for my signature as long as it states that I have 30 days to make august
payment.

Sent from Yahoo Mail for iPhone

On Tuesday, August 15, 2023, 10:07 AM, Tameka Wright
<tamekawright60@yahoo.com> wrote:

Mark please call me. They have my house on sale for tomorrow ! Aleisha didn't fax
them the court order

Sent from Yahoo Mail for iPhone

On Tuesday, August 15, 2023, 7:54 AM, MARK GLYPTIS
<mglyptislaw@aol.com> wrote:

You are welcome.

Sent from the all new AOL app for iOS

On Tuesday, August 15, 2023, 5:53 AM, Tameka Wright
<tamekawright60@yahoo.com> wrote:

Thank you so much

Sent from Yahoo Mail for iPhone

On Monday, August 14, 2023, 11:18 AM, MARK GLYPTIS
<mglyptislaw@aol.com> wrote:

Tameka,

I just called the other lawyer.  He said it would be ok for you
to pay the
arrears now and to pay the August payment by the 30th.  In
fact, he
mentioned that you have a 30 day window to actually make
that August

payment from the deadline you were given which I believe
was August
15th or 16th.

Please make the arrears payment as planned and do your
best for the
August payment keeping in mind you have the 30 day
window for the
payment.

Mark N. Glyptis, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Mark N Glyptis, Esq.
14 Sandalwood Ave
Trenton, NJ 08619
(609) 433-7211

Attorney for Debtor

| | |
|---|---|
| In Re:<br><br>Tameka Wright,<br><br>　　　　　Debtor | Case no.:　　　　　22-13264 (MBK)<br><br>Hearing Date:　　October 11, 2023 at 9:00 am<br><br>Judge:　　　　　Michael B. Kaplan<br><br>Chapter:　　　　13 |

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve complex issues of law.

Date: ___9/8/23___ 　　　　　　　　　　___/Mark N Glyptis, Esq.___

Mark N Glyptis, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Mark N Glyptis, Esq.
14 Sandalwood Ave.
Trenton, NJ 08619
(609) 433-7211

Attorney for Debtor

| In Re: | | Case No.: | 22-13264 (MBK) |
|---|---|---|---|
| | | Hearing Date: | October 11, 2023 at 9:00 am |
| Tameka Wright, | | Judge: | Michael B. Kaplan |
| | Debtor | Chapter: | 13 |

## ORDER GRANTING WITHDRAWAL AS COUNSEL FOR TAMEKA WRIGHT

The relief set forth on the following page, numbered two (2) is **ORDERED**.

The Court having reviewed the movant's **MOTION TO WITHDRAW AS COUNSEL**, and any related responses or objections, it is hereby

ORDERED that:

1.  Mark N. Glyptis, Esq. is relieved as Counsel for Tameka Wright.